T.C. Summary Opinion 2008-131


UNITED STATES TAX COURT


DENIS M. AND YOLANDA DOYLE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 17886-06S, 22135-07S.   Filed October 14, 2008.


Denis M. and Yolanda Doyle, pro se se.

<u>Marie E. Small</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  These cases were heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petitions were filed.[1]  Pursuant to section 7463(b), the decisions to be entered are not reviewable by any

_____

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the taxable years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies of $3,878 and $2,992 in petitioners' 2004 and 2005 Federal income taxes, respectively. In his Answer to the amended petition for taxable year 2005, respondent asserted a penalty under section 6662(a) of $598.

After concessions by the parties,[2] the only issue remaining for decision is whether petitioners are liable for tax on interest income earned in petitioner Yolanda Doyle's name. Because petitioners did not meet their burden of proof as to either taxable year, we hold for respondent.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts for 2004 and accompanying exhibits. We also incorporate by reference those facts deemed admitted under Rule 90(c) due to petitioners' failure to respond to respondent's Requests for Admission filed March 18, 2008.

---

[2] Petitioners did not dispute their failure to report $616 of interest income in 2004 and thus it is deemed conceded. See Rule 34(b)(4). At trial, respondent appeared to have conceded that petitioners properly reported the taxable portion of pension income received in 2005. Further, because petitioners did disclose the Social Security income received for each year in issue on their Federal income tax returns, the only issue that remains with respect to the Social Security income is the proper calculation of the taxable portions for each year in issue using the formula provided by sec. 86.

At the time the petitions in these two related cases were filed, petitioners Denis M. Doyle and Yolanda Doyle were residents of New York.[3]

On June 12, 2006, respondent mailed petitioners a notice of deficiency for taxable year 2004 determining that petitioners failed to report $21,751 of interest income and $19,621 of Social Security income.

On July 23, 2007, respondent mailed to petitioners a notice of deficiency for taxable year 2005 determining that petitioners failed to report $14,242 of interest income, $21,902 of Social Security income, and $1,320 of pension income.  In his Answer to the amended petition filed in docket No. 22135-07S, respondent asserted an accuracy-related penalty under section 6662(a) of $598.  At trial, the Court found that respondent had not satisfied his burden of proof with respect to the imposition of the accuracy-related penalty.  See Rule 142(a).  Accordingly, the issue is no longer before us for decision.

Thus, the only remaining dispute in these cases is whether petitioners are responsible for tax on interest credited in 2004 and 2005 to accounts held in petitioner's name.  Petitioner argues that the interest income is not properly taxable to her

---

[3]  Petitioner Denis M. Doyle testified that the bank accounts in question were under the control of his wife, petitioner Yolanda Doyle.  She also did the bulk of testifying at trial.  Therefore, references to petitioner in the singular refer to petitioner Yolanda Doyle alone.

because the bulk of the money in the bank accounts generating the interest income (bearing petitioner's name and Social Security number) actually belongs to petitioner's relatives who live in Ecuador and not to petitioner herself.

## Discussion

Gross income is defined in the Internal Revenue Code as being "all income from whatever source derived" unless otherwise specifically excluded. Sec. 61. Interest income is specifically included in gross income pursuant to section 61(a)(4).

It is well-settled that the tax liability for income from property attaches to the owner of such property. See, e.g., Lucas v. Earl, 281 U.S. 111 (1930). Here, petitioner argues that she is not the owner of all of the money in the bank accounts and accordingly should not be taxed on the portion of interest payments relating to the funds that do not belong to her. We are not persuaded by petitioner, and she provided no corroborating documents, witnesses, or evidentiary support for her testimony; petitioners offered nothing by way of substantiation at any point during the proceedings to support their contention that the bulk of the money generating the interest and held in the bank accounts bearing petitioner's name and social security number actually belongs to petitioner's relatives.

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving those

determinations wrong. Rule 142(a); <u>INDOPCO, Inc. v Commissioner</u>, 503 U.S. 79, 84 (1992); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). Under section 7491, the burden of proof may shift from the taxpayer to the Commissioner if the taxpayer produces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's tax liability. Sec. 7491(a)(1). In these cases there is no such shift because petitioners neither alleged that section 7491 was applicable nor established that they fully complied with the requirements of section 7491(a)(2). The burden of proof in both cases remained on petitioners, and they did not meet it. See <u>Wood Corp. v. Commissioner</u>, 22 B.T.A. 1182, 1186 (1931) (requiring some evidentiary showing because "[t]he adequate presentation of the pertinent facts is the burden assumed by the petitioner * * * [and a] decision favorable to its contentions can not rest on assumption or speculation"), affd. 63 F.2d 1023 (6th Cir. 1933); see also <u>Tokarski v. Commissioner</u>, 87 T.C. 74, 77 (1986); <u>Quita v. Commissioner</u>, T.C. Memo. 1988-309 (holding that taxpayers' unsubstantiated claims of nominee status did not serve to shield taxpayers from liability for tax due on interest received). Petitioners provided us with no evidence, save the testimony of petitioner herself, to counter respondent's determinations. She did not provide us with the names of the relatives living in Ecuador to whom the money allegedly belongs, the approximate dates on which the money might have been sent to

her for safekeeping, or even with information as to what she was supposed to do with the money as time went on.  Accordingly, we are unable to find for petitioners.

We therefore sustain respondent's determinations with respect to the interest income received in petitioners' 2004 and 2005 taxable years.  To reflect our disposition of the disputed issue,

<u>Decision will be entered under Rule 155</u>.