T.C. Summary Opinion 2009-187


UNITED STATES TAX COURT


DENIS M. AND YOLANDA DOYLE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 30550-08S.                Filed December 9, 2009.


Denis M. and Yolanda Doyle, pro sese.

Marie E. Small, for respondent.


CHIECHI, Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

---

[1]Hereinafter, all section references are to the Internal Revenue Code in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in, and an accuracy-related penalty under section 6662(a) on, petitioners' Federal income tax for their taxable year 2006 of $9,140 and $1,828, respectively.

The issue remaining for decision for petitioners' taxable year 2006 is whether petitioners are required to include in gross income interest on certain bank accounts and certain certificates of deposit maintained in the name of petitioner Yolanda Doyle.[2] We hold that they are required to do so.

## Background

Some of the facts have been stipulated and are so found except as stated herein.

Petitioners resided in New York at the time they filed the petition in this case.

During 2006, petitioner Yolanda Doyle (Ms. Doyle) maintained accounts at the following banks (four bank accounts in question) and earned interest on those accounts in the amounts indicated:

---

[2]Petitioners make no argument about any of the other determinations in the notice of deficiency dated Sept. 29, 2008 (notice) that respondent issued to them for their taxable year 2006 (discussed below). We conclude that petitioners have abandoned contesting those other determinations.

| Bank | Interest |
|---|---|
| Dime Savings Bank of Williamsburgh | $3,101 |
| JP Morgan Chase Bank | 58 |
| North Fork Bank | 684 |
| Banco Popular | 1,328 |

On December 1, 2005, Ms. Doyle purchased from Doral Bank two certificates of deposit (two certificates of deposit in question), each of which was for a term of 13 months. Doral Bank issued each of those certificates in the name of Yolanda P. Doyle "ITF"[3] Denis M. Doyle.[4] Each of the two certificates of deposit in question showed Ms. Doyle's Social Security number. During 2006, Doral Bank credited interest totaling (1) $4,786.81 to one of those two certificates and (2) $5,097.96 to the second of those two certificates.

In the notice that respondent issued to petitioners for their taxable year 2006,[5] respondent, inter alia, included in their gross income the interest credited during that year to

---

[3]The abbreviation "ITF" means "in trust for".

[4]One of the two certificates of deposit in question was issued in the name of Ms. Doyle "ITF DENIS S DOYLE". We presume that the middle initial in that certificate is a typographical error.

[5]The parties stipulated that the notice with respect to which petitioners filed the petition in this case pertained to taxable year 2005 and that that notice was dated July 23, 2007. Those stipulations are clearly contrary to the facts that we have found are established by the record, and we shall disregard them. See Cal-Maine Foods, Inc. v. Commissioner, 93 T.C. 181, 195 (1989). The record establishes, and we have found, that respondent issued a notice to petitioners on Sept. 29, 2008, and that that notice pertained to their taxable year 2006.

(1) the four bank accounts in question and (2) the two certificates of deposit in question.

## Discussion

Petitioners bear the burden of proving error in the determinations in the notice that remain at issue.[6] See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Petitioners are not strangers to the Court. In Doyle v. Commissioner, T.C. Summary Opinion 2008-131, petitioners argued, as they argue here, that the interest on certain bank accounts maintained in Ms. Doyle's name and Social Security number was in fact the interest income of certain relatives of Ms. Doyle who do not live in the United States. The claim that petitioners made in Doyle v. Commissioner, supra, was with respect to their taxable years 2004 and 2005. The claim that they make here is with respect to their taxable year 2006.

Petitioners rely on Ms. Doyle's testimony in order to satisfy their burden of proof with respect to the issue presented. We found the testimony of Ms. Doyle to be in material respects general, vague, conclusory, self-serving, and uncorroborated. We shall not rely on Ms. Doyle's testimony to establish petitioners' position that they are not required to

---

[6]Petitioners do not claim that the burden of proof shifts to respondent under sec. 7491(a). In any event, petitioners have failed to establish that they satisfy the requirements of sec. 7491(a). On the record before us, we find that the burden of proof does not shift to respondent under that section.

include in gross income the interest at issue.  See, e.g.,

<u>Tokarski v. Commissioner</u>, 87 T.C. 74, 77 (1986).

On the record before us, we find that petitioners have failed to carry their burden of establishing that the money maintained during 2006 in the four bank accounts in question and the two certificates of deposit in question was not Ms. Doyle's money but was the money of certain of her relatives. On that record, we find that petitioners have failed to carry their burden of establishing that they are not required to include in gross income interest credited during 2006 to those bank accounts and those certificates.

We have considered all of petitioners' contentions and arguments that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.